UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELIJAH DWAYNE JOUBERT, § § Petitioner, § § v. § § BOBBY LUMPKIN, Director, Texas Department of Criminal Justice, Criminal Institutions Division, § § § § § Respondent. § | CAUSE NO. 4:13-cv-03002 CAPITAL HABEAS CASE |

**PETITIONER'S SECOND UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED PETITION**

Through counsel, Petitioner Elijah Dwayne Joubert moves this Court to grant this unopposed request for a 60-day extension of time to file a second amended habeas petition. Mr. Joubert's amendment is currently due on or before March 8, 2022. Respondent does not oppose this motion, or the relief sought herein. Mr. Joubert submits the extension is reasonable and justified by the competing responsibilities of counsel as set out below.

By order filed October 15, 2015, this Court stayed and administratively closed these proceeding to give Mr. Joubert an opportunity to exhaust unexhausted claims. Order, ECF No. 41, at 2. The Court directed that Mr. Joubert move to reopen the case within 30 days of the conclusion of state review. *Ibid*. Finally, the order granted Respondent's motion to suspend the briefing schedule and directed the parties to submit a joint proposed scheduling order. *Ibid*. The parties complied with this Court's orders

and on September 9, 2021, the Court entered a jointly proposed scheduling order giving Mr. Joubert until January 7, 2022, to file a second amended petition. ECF No. 64.

On December 22, 2021, Mr. Joubert sought an extension of time to file his second amended petition. ECF No. 65. On January 4, 2022, the Court granted Mr. Joubert's motion, allowing him to file his second amended petition by March 8, 2022. ECF No. 66.

Counsel have made progress on the second amended petition but need additional time. Ordinarily, the time counsel requested would have been sufficient to complete the amendment. But recent developments have presented unexpected and unavoidable demands on counsel and Mr. Joubert's entire legal team which have made the current deadline unattainable.

Mr. Joubert's petition for writ of certiorari in *Joubert v. Texas*, No. 21-6424, remains pending in the Supreme Court. The State of Texas is to file its opposition to the petition by February 25, 2022, which will require counsel to file a reply within ten days of that date. *See* Sup. Ct. R. 15.6.

On January 18, 2022, the 138th District Court for Cameron County, Texas, granted the State's motion to set an execution date for Melissa Elizabeth Lucio in Cause Number 07-CR-0885. The execution is scheduled for April 27, 2022. The undersigned attorneys, and the investigator and paralegal, assigned to Ms. Lucio's case in 2018, also were assigned to Mr. Joubert's case in 2017. The Cameron County District Attorney did not confer with Ms. Lucio's counsel prior to seeking the execution date on January 12, 2022. If he had done so, of course, counsel for Mr. Joubert would

have advised him that they had a scheduling conflict based on this Court's order scheduling the filing of Mr. Joubert's second amended petition. The day after the District Attorney moved for an execution date, Ms. Lucio's co-counsel informed the trial court that she would file an opposition to the State's motion. That, too, would have given Mr. Joubert's counsel an opportunity to raise the scheduling conflict. But the trial court rubber-stamped the District Attorney's proposed order and warrant before Ms. Lucio's counsel could file a response.

Since Ms. Lucio's execution was scheduled, Mr. Joubert's legal team has had to devote nearly all their time to issues in Ms. Lucio's case. On February 8, 2022, counsel filed a 72-page motion to reconsider the execution date-setting. On February 18, 2022, counsel filed motions to disqualify the Cameron County District Attorney and the trial-court judge on grounds that the lead attorney on Ms. Lucio's trial defense team, and his paralegal, work for the District Attorney and judge, respectively.

At the time Texas moved to set Ms. Lucio's execution date, undersigned counsel-in-charge was assisting co-counsel in preparing for and presenting oral argument in *Green v. Lumpkin*, Fifth Circuit Case No. 20-70021. That argument was held in New Orleans on January 18, 2022.

As the Court is aware, Mr. Joubert's case also presents unusual circumstances. Undersigned did not file Mr. Joubert's initial petition or first amendment. Counsel's work on the case while it was in state court was limited to recruiting state-court counsel, providing counsel the necessary files, communicating with Mr. Joubert, and

addressing matters raised by state-court counsel that bear on this federal litigation. Of course, counsel read the state-court record and the amended federal petition.

Once the Texas Court of Criminal Appeals ("TCCA") rejected the trial court's recommendation of relief, Mr. Joubert's counsel had responsibility for litigating the existing claims in this Court and began to thoroughly investigate their bases. As successor counsel, the undersigned have an independent duty to confirm that the existing claims are complete and well-founded. *See* Fed. R. Civ. P. 11(a); State Bar of Texas, *Guidelines and Standards for Texas Capital Counsel*, Guidelines 11.1, 11.2, and 11.3 (2006). That responsibility entails significantly more work than if the undersigned had prepared Mr. Joubert's first amended petition. In addition to exercising independent professional judgment about the existing allegations and arguments, counsel must incorporate into the second amended petition additional evidence that has come to light and developments in the law since the case was stayed.

Additionally, the Capital Habeas Unit ("CHU") represents a second client who also has a fast-approaching execution date—March 8, 2022. Due to the demands of that case, the CHU has been unable to marshal additional resources for Mr. Joubert's case.

The unexpected and unanticipated confluence of these two execution dates in the CHU has made it impossible to meet the Court's filing deadline for Mr. Joubert's second amended petition.

## CERTIFICATE OF CONFERENCE

On February 15, 2022, undersigned counsel for Mr. Joubert conferred with counsel for Respondent, Assistant Attorney General Matthew Ottoway, who

4

authorized Petitioner to state that Respondent does not oppose the relief sought in this Motion.

FOR THESE REASONS, Mr. Joubert respectfully requests this Court enter the attached proposed order resetting the date for Mr. Joubert's second amended petition to May 7, 2022.

DATED:  February 19, 2022.          Respectfully submitted,

MAUREEN FRANCO
FEDERAL PUBLIC DEFENDER

 /s/Tivon Schardl
TIVON SCHARDL
Chief, Capital Habeas Unit
Attorney-in-Charge
Texas Bar No. 24127495
TXSD Bar No. 3145499
Federal Defender Office
919 Congress, Suite 950
Austin, Texas 78701
737-207-3007 (tel.)
512-499-1584 (fax)

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2022, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

 /s/Tivon Schardl
Tivon Schardl